IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BARTON STREET, § | | |
| SPN #00209337, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-0994 |
| § | | |
| TOMMY THOMAS, *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

David Barton Street (SPN #00209337) has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights at the Harris County Jail. Street proceeds *pro se* and he seeks leave to pursue his claims *in forma pauperis*. After conducting a preliminary review of the pleadings pursuant to 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.   BACKGROUND**

According to the complaint, Street was arrested on January 12, 2008 and booked into the Harris County Jail, where he remains in custody. Street does not disclose the nature of the charges against him or the reason for his continued confinement. Public records reflect that Street, a repeat offender, has been charged with felony driving while intoxicated.[1] Those charges are currently pending in the 263rd District Court for Harris County, Texas.

Street's civil rights complaint concerns his medical care at the Harris County Jail.

---

[1]   Harris County Sheriff's Office, Inmate Information, www.hcso.hctx.net (last visited April 2, 2008).

Street claims to suffer from a mental or psychiatric condition that requires medication. Street, who does not provide any details about the nature of his ailment, reports that he was initially evaluated and treated through February 14, 2008, at the Harris County Mental Health and Mental Retardation Authority ("MHMRA"), where personnel prescribed the medication Tegretol. Thereafter, he was transferred to the Jail. According to Street, his prescription for Tegretol expired on February 21, 2008. Because his prescription had expired, an unidentified nurse at the Jail stopped giving Street his medication on that date. On February 23, 2008, Street reportedly began "shacking [sic] a little and feeling bad" and he had difficulty sleeping. Street complains that he was not seen again by MHMRA personnel until February 26, 2008, when his prescription was renewed for ninety days. Two days later, on February 28, 2008, Street began receiving medication again.

Street complains that he was denied medication for approximately seven days, from February 21, 2008 through February 28, 2008. He sues Harris County Sheriff Tommy Thomas, Major Brownfield, who reportedly oversees Jail operations, and Lieutenant Baily, who is reportedly "in charge" of the Jail medical department. Street seeks a "monetary settlement" for the "mental anguish" that he suffered while waiting for his prescription to be renewed. The Court concludes, however, that Street's complaint must be dismissed for reasons set forth below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the


following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)),

*cert. denied*, 537 U.S. 1049 (2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.  Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

The complaint in this case concerns the conditions of plaintiff's confinement at the Harris County Jail.  Under the PLRA, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law."  42 U.S.C. § 1997e(a).  The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging

prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006); *see also Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

It is well established that the Harris County Sheriff's Department has a three-step grievance process that allows all persons in custody at the Jail the opportunity to attempt informal resolution, followed by a formal grievance and then an appeal. *See Lane v. Harris County Medical Dep't*, Civil No. H-06-0875, 2006 WL 2868944, *3 (S.D. Tex. Oct. 5, 2006), *aff'd*, No. 06-20935, 2008 WL 116333 (5th Cir. Jan. 11, 2008). If a formal grievance is not resolved at the initial level following an investigation, it goes to a hearing before the Inmate Grievance Board. *See id*. Inmates are notified of the Grievance Board's decision in writing within fifteen days. *See id*. If the inmate disagrees with the findings of the Grievance Board, then the inmate is instructed to appeal that result to the Captain of the Inmate Affairs Division. *See id*.

The delay of medical care that forms the basis of Street's complaint allegedly occurred from February 21 through February 28, 2008. The complaint, which is dated March 28, 2008, indicates that Street may have attempted to resolve his grievance informally by

5

complaining to the medical department. The plaintiff admits, however, that he did not file a formal complaint and that he did not exhaust the grievance process available at the Jail. (Doc. # 1, at ¶ III). Thus, it appears that the plaintiff did not complete the administrative grievance procedure in place at the Harris County Jail before filing the complaint in this case.[2]

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524. By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citing *Booth*, 532 U.S. at 737). In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication

---

[2] The consensus among the circuit courts is that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court. *See, e.g., Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (collecting cases and holding that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred") (citations omitted); *see also Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (acknowledging that complete exhaustion after the lawsuit is filed is not sufficient to satisfy the statutory requirements of § 1997e(a), and affirming the dismissal even under circumstances that would seem "inefficient"), *cert. denied*, 526 U.S. 1133 (1999).

of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy.  *Id.* (citations omitted).

Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules.  *See Woodford*, 126 S. Ct. at 2389-90.  By failing to complete the grievance procedure in place at the Jail, Street has bypassed available administrative remedies.  *See Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007).  This violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit.  *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient"), *cert. denied*, 526 U.S. 1133 (1999).

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe*, 492 F.3d at 328 (citing *Jones*, 127 S. Ct. at 920-91 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint)).  Because it appears clear from the complaint that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed for failure to state a claim upon which relief can be granted.  Alternatively, Street's complaint fails to state a claim for additional reasons.

### B.     Street's Complaint Fails to State a Claim

Street seeks monetary damages for the "mental anguish" and insomnia that he

experienced as a result of the delay in receiving medical care in the form of a renewed prescription. To the extent that Street seeks compensatory damages, his claims fail as a matter of law because the PLRA, 42 U.S.C. § 1997e(e), bars recovery of these types of damages absent a showing that the plaintiff suffered a physical injury while in custody.[3] In that regard, the Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Absent an allegation that Street suffered a physical injury in connection with the incident giving rise to his complaint, his claim for compensatory damages lacks an arguable basis in law and is subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Geiger*, 404 F.3d at 374.

In addition, the only defendants identified in the complaint are Harris County Sheriff Tommy Thomas and two other supervisory officials, identified as Major Brownfield and Lieutenant Baily. A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard*

---

[3]  42 U.S.C. § 1997e(e) provides as follows: "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

*v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Street does not allege facts showing that the defendants had any personal involvement with the events outlined in the complaint. Likewise, Street does not articulate facts showing that the defendants were responsible for implementing a deficient policy that operated as the moving force behind the alleged constitutional violation in this case. Accordingly, Street fails to state a claim upon which relief can be granted against the defendants.

## IV.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. Officials in charge of the Inmate Trust Fund are **ORDERED** to deduct funds from the account of David Barton Street (SPN #00209337) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**The Clerk shall provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail, if**

**appropriate, to (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on April 4th, 2008.

*[signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge